IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YANSY CAROLINA BLANCO DE VILLATORO,

    *Petitioner*,

v.

PAMELA BONDI, *et al.*,

    *Respondents.*

Case No. 26-cv-493-ABA

## ORDER

Petitioner Yansy Carolina Blanco de Villatoro is a citizen of El Salvador who last entered the United States on October 21, 2023. ECF No. 1 ¶ 16. She was apprehended upon entry and then released on her own recognizance on October 22, 2023. ECF Nos. 1-3, 1-5. She alleges that she has lived since then in the United States with her two minor children. ECF No. 1 ¶ 18; ECF No. 1-2 ¶ 2. On February 5, 2026 (more than two years after her entry into the United States), Petitioner reported to the Baltimore ICE Field Office for her scheduled check-in and was arrested by ICE officials. ECF No. 1 ¶ 19; ECF No. 1-2 ¶ 3. At the time of her detention, Petitioner was allegedly told that she was being detained without bond for alleged violations of electronic monitoring. ECF No. 1 ¶ 19; ECF No. 1-2 ¶¶ 9–12. Petitioner filed this action the same day challenging her detention, requesting immediate release or a bond hearing before an Immigration Judge. ECF No. 1 at 10.

On February 9, 2026, the Parties filed a joint notice stating that "the Petition here concerns whether a noncitizen who is present in the United States without admission and who has been charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) is entitled to a bond hearing under 8 U.S.C. § 1226(a) when they were previously encountered and

detained by DHS at the border, but were released on an Alternatives to Detention ('ATD') agreement and were subsequently re-detained for alleged ATD violations under 8 U.S.C. § 1226(b) during the pendency of their removal proceedings." ECF No. 6 at 1–2. The Parties agree that Petitioner is not being charged or detained pursuant to 8 U.S.C. § 1225(b)(2), and instead is being detained pursuant to 8 U.S.C. § 1226. When a person is detained pursuant to § 1226, upon filing a motion for a bond hearing, they are entitled to a bond hearing before an Immigration Judge to determine whether "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. § 236.1(d); *see also* 8 C.F.R. §§ 1003.19 & 1236.1(d) (setting forth the required procedures for review by an Immigration Judge of custody and bond determinations).

The Court finds, and the Parties do not appear to dispute, that Petitioner's alleged ATD violations under 8 U.S.C. § 1226(b) do not change Respondents' obligations under 8 U.S.C. § 1226(a) and the above-referenced regulations, including holding a bond hearing. For these reasons and as requested in the Parties' Joint Notice, ECF No. 7, Petitioner is entitled to an order confirming Respondents' obligations under § 1226(a) to ensure that a bond hearing is held as required by law. Accordingly, the Court hereby ORDERS as follows:

1. The Petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART;

2. Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d);

3. A bond hearing shall be held within ten (10) days of Petitioner's filing such request with the Immigration Court;

4. The bond hearing must be conducted by an Immigration Judge with jurisdiction or administrative control over Petitioner's detention and removal proceedings and need not be conducted in Maryland;

5. Any bond hearing must comply in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions;

6. If bond is granted and Petitioner is released, nothing in this Order precludes United States Immigration and Customs Enforcement from imposing reasonable conditions of release;

7. The parties shall provide this Court with a Status Report within 14 days of this Order; and

8. The Court shall RETAIN jurisdiction of this matter to enforce compliance with this Order.

Date: February 12, 2026

                                                               _____*/s/*_____
                                                               Adam B. Abelson
                                                               United States District Judge